THE STATE v. MOWER.

1. **Criminal Evidence**: ASSAULT WITH INTENT TO KILL: ACCESSORY. The evidence (see opinion) *held* sufficient to show that defendant was accessory to an assault with intent to kill.

2. **Criminal Law**: ASSAULT WITH INTENT TO KILL: MEASURE OF PUN-ISHMENT. Five years in the penitentiary *held* not excessive punishment for an assault with intent to kill.

*Appeal from Benton District Court.*

THURSDAY, DECEMBER 17.

DEFENDANT was indicted with another for an assault with an intent to commit murder, and upon a separate trial was convicted. He now appeals to this court.

*W. C. Connell*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, CH. J.—I. The defendant and Margret A. Betsinger were jointly indicted for an assault with intent to com-1. CRIMINAL mit murder upon Alexander Betsinger, the hus-EVIDENCE: band of Margret. The evidence shows that the ASSAULT WITH INTENT TO KILL: wife, in an altercation with the husband, shot him. ACCESSORY. Defendant now insists that there was no evidence before the district court connecting him with the crime. He complains of no error in the proceedings other than that the verdict lacks the support of the evidence.

II. It is shown by the testimony that the defendant, who is twenty-three or twenty-four years of age, is a nephew of Mrs. Betsinger, and came to live in the family at her request, about five years before the shooting. Mrs. Betsinger is fifty-six years old, and her husband sixty-two. There was a dis-agreement between them, and the defendant took the side of his aunt. He was guilty of violence toward the husband, and,

on one occasion, knocked him down, and on another threatened to shoot him. The defendant carried a revolver, and taught his aunt to shoot it. The husband had executed a deed to defendant for his farm, believing that it was a will only. The defendant had sent the husband to board at a neighbor's house. After his return, the wife was about to remove to a town near by, and an altercation arose among the parties about the matter. A few hours before the shooting the wife took from defendant's pocket the pistol he carried. He declares he did not know she had taken it until he saw it in her possession before the shooting. They were not at their house when the pistol was taken. Soon after their return the shooting occurred. Defendant was not immediately present, but was approaching the house from the barn. There are other facts shown in evidence tending to connect defendant with the crime.

III. In our opinion, the jury were authorized to find that defendant was accessory to the crime. Certainly it cannot be said that there is such an absence of evidence to establish his guilt as will authorize us to interfere.

IV. Counsel ask that in case of an affirmance of the judgment the term of imprisonment—five years in the penitentiary—may be diminished. We think the punishment is not excessive. The crime was heinous in its nature, and the evidence shows that defendant was vicious and violent. He merits the punishment fixed by the district court.

2. CRIMINAL law: assault with intent to kill: measure of punishment.

AFFIRMED.